1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT

9

NORTHERN DISTRICT OF CALIFORNIA

10

SAN JOSE DIVISION

11

12

| | |
|---|---|
| IN RE ANTHEM, INC. DATA BREACH LITIGATION | Case No. 15-MD-02617-LHK<br><br>**ORDER DENYING MOTION TO REMAND** |
| Y. MICHAEL SMILOW and JESSICA KATZ,<br><br>          Plaintiffs,<br><br>          v.<br><br>ANTHEM LIFE & DISABIILITY INSURANCE COMPANY, *et al.*,<br><br>          Defendants. | Case No. 15-CV-04739-LHK |

13
14
15
16
17
18
19
20
21
22
23
24
25

Plaintiffs Y. Michael Smilow and Jessica Katz (collectively, "Plaintiffs") bring this

putative class action against Defendants Anthem Life & Disability Insurance Company; Empire

26

Healthchoice Assurance, Inc.; and Empire Healthchoice HMO, Inc. (collectively, "Defendants").

27
28

Case Nos. 15-MD-02617-LHK; 15-CV-04739-LHK
ORDER DENYING MOTION TO REMAND

Before the Court is Plaintiffs' motion to remand the case to the New York Supreme Court of Kings County.  ECF No. 9 ("Mot.").[1]  Having considered the submissions of the parties, the relevant law, and the record in this case, the Court DENIES Plaintiffs' motion to remand.

## I.     BACKGROUND

### A.  Factual Background

Defendants are affiliates of Anthem, Inc. ("Anthem"), an Indiana corporation that is one of the largest health benefits companies in the United States.  ECF No. 1 ("Notice of Removal") ¶ 6.  Through its affiliated health plans, Anthem delivers health benefit products and plans to tens of millions of individual members across the country.  *Id.*

On February 4, 2015, Anthem announced that cyberattackers had gained unauthorized access to its data systems on or about December 10, 2014.  *See* ECF No. 1-1 ("Compl.") ¶ 2.  As a result of this breach, Plaintiffs allege that the personal health information ("PHI") of current and former Anthem members were compromised.  *Id.* ¶¶ 1–2.  The allegedly compromised information included members' names, addresses, birthdates, and social security numbers, as well as other financial and medical information.  *Id.*  Plaintiffs are citizens of New York who are Anthem health insurance customers and who claim that their PHI was compromised as a result of the Anthem data breach.  *Id.* ¶¶ 11–12.

### B.  Procedural History

On April 2, 2015, Plaintiffs filed the instant putative class action in the Supreme Court of Kings County, New York.  Notice of Removal ¶ 1.  In Plaintiffs' complaint, Plaintiffs asserted the following causes of action under New York law: (1) negligence, (2) negligence *per se*, (3) breach of implied contract, (4) breach of covenant of good faith and fair dealing, (5) unjust enrichment, (6) invasion of privacy, (7) bailment, (8) conversion, (9) violation of New York's data breach statute, (10) violation of New York's consumer protection statute.  Compl. ¶¶ 54–122.  Plaintiffs brought these causes of action on behalf of themselves and a statewide class of similarly situated

---

[1] Unless otherwise indicated, all ECF references are to the docket of Case No. 15-CV-04739-LHK in the Northern District of California.

Case Nos. 15-MD-02617-LHK; 15-CV-04739-LHK
ORDER DENYING MOTION TO REMAND

individuals, defined as follows:

> [A]ll New York State citizens having or having had health insurance from Anthem and whose PII [personally identifiable information], PHI and/or personal financial information was compromised as a result of the data breach first disclosed by Anthem on February 4, 2015.

*Id.* ¶ 17.  On April 27, 2015, Defendants removed this action to the United States District Court for the Eastern District of New York.  Defendants provided two independent bases for federal subject matter jurisdiction: (1) federal question jurisdiction under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 *et seq.*; and (2) federal question jurisdiction under HIPAA, 42 U.S.C. § 1320d *et seq.*  *See* Notice of Removal ¶¶ 12–24.

On June 16, 2015, the parties submitted a fully briefed motion to remand.  ECF No. 9.  This filing included Plaintiffs' motion to remand, ECF No. 9-1; Defendants' opposition, ECF No. 9-3; and Plaintiffs' reply, ECF No. 9-6.  On June 12, 2015, the Judicial Panel on Multidistrict Litigation ("JPML") issued a transfer order selecting the undersigned judge as the transferee court for "coordinated or consolidated pretrial proceedings" in the multidistrict litigation ("MDL") arising out of the Anthem data breach "that allegedly occurred sometime between December 10, 2014, and February 4, 2015."  Case No. 15-MD-02617-LHK, ECF No. 1 at 1–3.  On October 13, 2015, the JPML transferred the instant putative class action from the Eastern District of New York to the undersigned judge in the Northern District of California.  ECF No. 18.

On October 23, 2015, the Court held a case management conference. Counsel for Plaintiffs appeared via telephone at the case management conference and communicated their intent to continue to pursue the pending motion to remand.  Accordingly, the Court ordered the parties to file supplemental briefing on Plaintiffs' motion to remand.  The Court did so because the parties' briefs, which were filed in the Eastern District of New York, a division of the Second Circuit, did not cite to or otherwise address relevant Ninth Circuit precedent, which this Court must now apply.  *See Newton v. Thomason*, 22 F.3d 1455, 1460 (9th Cir. 1994) ("[W]hen reviewing federal claims, a transferee court in this circuit is bound only by our circuit's precedent").  Plaintiffs and Defendants filed supplemental briefs on November 3, 2015.  Case No. 15-MD-02617-LHK, ECF

3

1   Nos. 346 ("Defs. Supp. Br.") & 350 ("Pls. Supp. Br.").

2   **II.      LEGAL STANDARD**

3        A suit may be removed from state court to federal court only if the federal court would

4   have had subject matter jurisdiction over the case in the first instance.  28 U.S.C. § 1441(a); *see*

5   *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987) ("Only state-court actions that originally

6   could have been filed in federal court may be removed to federal court by the defendant.").  "In

7   civil cases, subject matter jurisdiction is generally conferred upon federal district courts either

8   through diversity jurisdiction, 28 U.S.C. § 1332, or federal question jurisdiction, 28 U.S.C.

9   § 1331."  *Peralta v. Hispanic Bus., Inc.*, 419 F.3d 1064, 1068 (9th Cir. 2005).  If it appears at any

10  time before final judgment that the federal court lacks subject matter jurisdiction, the federal court

11  must remand the action to state court.  28 U.S.C. § 1447(c).

12       There is no presumption against removal jurisdiction in CAFA cases.  *See Dart Cherokee*

13  *Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014) (vacating district court's remand

14  order in putative class action on the ground that "a defendant's notice of removal need include

15  only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold").

16  The defendant, however, still bears the burden of establishing removal jurisdiction.  *See id.*  A

17  notice of removal must contain a "short and plain statement of the grounds for removal," a

18  requirement that tracks the general pleading standard of Rule 8(a) of the Federal Rules of Civil

19  Procedure.  *Id.* at 553 (citing 28 U.S.C. § 1446(a)).

20  **III.     DISCUSSION**

21       Defendants argue that there are two independent bases for subject matter jurisdiction in

22  federal court: (1) federal question jurisdiction due to ERISA complete preemption; and (2) federal

23  question jurisdiction under HIPAA.  For the reasons stated below, the Court finds that Plaintiffs'

24  claims are completely preempted by ERISA's civil enforcement provision and that, as a result, the

25  Court has subject matter jurisdiction over this action.  The Court therefore declines to address

26  whether federal question jurisdiction exists under HIPAA.

27       **A.  ERISA Complete Preemption**

28  
Case Nos. 15-MD-02617-LHK; 15-CV-04739-LHK
ORDER DENYING MOTION TO REMAND

4

United States District Court
Northern District of California

ERISA contains "expansive pre-emption provisions . . . which are intended to ensure that employee benefit plan regulation would be 'exclusively a federal concern.'" *Aetna Health Inc. v. Davila*, 542 U.S. 200, 208 (2004) (quoting *Alessi v. Raybestos-Manhattan, Inc.*, 451 U.S. 504, 523 (1981)).  One form of ERISA preemption is "complete pre-emption" under ERISA § 502(a), *id.* at 207, which provides that a civil enforcement action may be brought:

> (1) by a participant or beneficiary— . . . (B) to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan.

29 U.S.C. § 1132(a).  Pursuant to this provision, "any state-law cause of action that duplicates, supplements, or supplants the ERISA civil enforcement remedy" is preempted because it "conflicts with the clear congressional intent to make the ERISA remedy exclusive." *Davila*, 542 U.S. at 209.

"A party seeking removal based on federal question jurisdiction must show either that the state-law causes of action are completely preempted by § 502(a) of ERISA, or that some other basis exists for federal question jurisdiction." *Marin Gen. Hosp. v. Modesto & Empire Traction Co.*, 581 F.3d 941, 945 (9th Cir. 2009).  "Complete preemption under § 502(a) is 'really a jurisdictional rather than a preemption doctrine, [as it] confers exclusive federal jurisdiction in certain instances where Congress intended the scope of a federal law to be so broad as to entirely replace any state-law claim.'" *Id.* (alteration in original) (quoting *Franciscan Skemp Healthcare, Inc. v. Cent. States Joint Bd. Health & Welfare Tr. Fund*, 538 F.3d 594, 596 (7th Cir. 2008)).  Removal based on ERISA § 502(a) is therefore "an exception to the otherwise applicable rule that a 'plaintiff is ordinarily entitled to remain in state court so long as its complaint does not, on its face, affirmatively allege a federal claim.'" *Id.* (quoting *Pascack Valley Hosp. v. Local 464A UFCW Welfare Reimbursement Plan*, 388 F.3d 393, 398 (3d Cir. 2004)).

To determine whether removal is proper on the basis of ERISA complete preemption, the Ninth Circuit, following the U.S. Supreme Court's lead in *Aetna Health, Inc. v. Davila*, applies a two-pronged test.  *See Marin Gen. Hosp.*, 581 F.3d at 946.  Specifically, a state law cause of action is completely preempted and therefore removable to federal court "if (1) 'an individual, at

United States District Court
Northern District of California

1    some point in time, could have brought [the] claim under ERISA § 502(a)(1)(B),' and (2) 'where

2    there is no other independent legal duty that is implicated by a defendant's actions.'"  *Id.*

3    (alteration in original) (quoting *Davila*, 542 U.S. at 210).  Because *Davila*'s two-pronged test is

4    stated "in the conjunctive," a state law cause of action is preempted and removal is proper "only if

5    both prongs of the test are satisfied." *Id.* at 947.  The Court addresses these two prongs in turn.

6         **B.  Could Have Brought Claim Under § 502(a)**

7         As to the first *Davila* prong, the Court finds that Defendants have shown that Plaintiffs

8    could have brought their claims under § 502(a).  Defendants have submitted documentation

9    showing that Smilow and Katz received health benefits during the relevant time period as

10   dependent beneficiaries of employer-sponsored ERISA plans.  *See* ECF No. 9-4 ("Decl. of Joseph

11   Crimmins") ¶¶ 4–5; ECF No. 9-5 ("Benefits Handbook") at 41.  Plaintiffs have not challenged this

12   documentation.

13        Moreover, § 502(a) provides a cause of action for an ERISA "participant or beneficiary" to

14   "enforce [their] rights under the terms of [an ERISA] plan."  29 U.S.C. § 1132(a)(1)(B).  Here,

15   Plaintiffs seek to enforce such rights through their breach of contract and unjust enrichment

16   claims.  *See* Compl. ¶¶ 65–69; 78–91.  Plaintiffs allege that "[t]he monies paid for the purchase of

17   services by Plaintiffs . . . were supposed to be used by Anthem, in part, to pay for the

18   administrative and other costs of providing reasonable data security and protection to Plaintiffs."

19   *Id.* ¶ 81; *see also id.* ¶ 66 ("Plaintiffs . . . entered into . . . contracts with Anthem pursuant to which

20   Anthem agreed to safeguard and protect [Plaintiffs'] information.").  As damages for Defendants'

21   wrongdoing, Plaintiffs request that the Court award Plaintiffs "the difference between the price

22   they paid for Anthem's services as promised and the actual diminished value of its services."  *Id.* ¶

23   84.

24        Plaintiffs' unjust enrichment and breach of contract claims are thus premised on the

25   insurance contract that Plaintiffs entered into with Defendants, and Plaintiffs' request for relief is a

26   partial refund of the insurance premiums that Plaintiffs paid to Defendants.  These are causes of

27   action that could have therefore been brought under § 502(a). *See Nunez v. Monterey Peninsula*

28                                                      6

1   *Eng'g*, 867 F. Supp. 895, 906 (N.D. Cal. 1994) ("Essentially, subsection (a)(1)(B) allows an action

2   in the form of breach of contract.").

3       Plaintiffs contend that their complaint alleges breach of an implied contract, not breach of

4   the express terms of their ERISA plans.  The Court finds this argument unpersuasive.  As

5   explained in *Davila*, ERISA preemption applies "if an individual, at some point in time, *could*

6   have brought his claim under ERISA § 502(a)(1)(B)."  542 U.S. at 210 (emphasis added).  Thus,

7   even if an implied contract between Plaintiffs and Defendants did exist, Plaintiffs *could* have

8   nonetheless brought their claims under § 502(a).  Indeed, Plaintiffs do not dispute that they

9   received health benefits under an ERISA plan, and Plaintiffs' claims are nearly identical to those

10  of other plaintiffs in this MDL.  *See, e.g.*, *In re Anthem Data Breach Litig.*, 15-MD-02617-LHK,

11  ECF No. 334-6 ("Consol. Amended Compl."); *Noble v. RightChoice Managed Care, Inc. (In re*

12  *Anthem Data Breach Litig.)*, 2015 WL 5286992, *1 (N.D. Cal. Sept. 9, 2015) (describing claims).

13  Accordingly, the Court finds that Plaintiffs' claims fall under the first prong of *Davila*.

14       **C.  Independent Legal Duty**

15       As to the second *Davila* prong, Plaintiffs argue that Defendants had an independent legal

16  duty to protect Plaintiffs' privacy pursuant to state law.  According to Plaintiffs, their "ERISA

17  plan coverage and benefits . . . do ***not*** include and have ***not*** been shown to include privacy rights."

18  Pls. Supp. Br. at 6.

19       These contentions, however, are belied by the benefits handbook that Plaintiffs received

20  from Defendants, which summarized Plaintiffs' coverage and benefits.  This handbook states,

21  under a section titled "State Notice of Privacy Statutes," "we [Defendants] must follow state laws

22  that are more strict than the federal HIPAA privacy law."  Benefits Handbook at 43.  The

23  handbook proceeds to then "explain[] [Plaintiffs'] rights and [Defendants'] legal duties under state

24  law."  *Id.*

25       As the U.S. Supreme Court has held, duties under state law are not independent of ERISA

26  when "interpretation of the terms of respondents' benefit plans forms an essential part of

27  [respondents'] claim."  *Davila*, 543 U.S. at 213.  In *Marin General Hospital*, the Ninth Circuit

7

United States District Court
Northern District of California

further held that state law legal duties are not independent of ERISA if they are "based on an obligation under an ERISA plan" and if "they would [not] exist [if the] ERISA plan" did not exist. 581 F.3d at 950. In the instant case, Defendants' duty to comply with state privacy laws clearly represents "an obligation under [Plaintiffs'] ERISA plan." *Id.* In addition, Defendants would not have been under such an obligation but for the fact that Plaintiffs' were members of an ERISA plan that was administered by Defendants. Thus, Defendants did not have an independent legal duty to protect Plaintiffs' privacy pursuant to state law.

Plaintiffs' arguments to the contrary are unavailing. Plaintiffs rely primarily upon a case from the Northern District of Texas, *Quintana v. Lightner*, 818 F. Supp. 2d 964 (N.D. Tex. 2011). As an initial point, *Quintana* applied Fifth Circuit precedent, not Ninth Circuit precedent. *Id.* at 968–69. Resolution of the instant motion, however, requires the Court to apply Ninth Circuit precedent. Second, and more importantly, the facts in *Quintana* differ significantly from the facts in the instant case. Although plaintiff in *Quintana* was a participant in an ERISA plan, plaintiff did not actually assert any claims against the plan's administrators. Instead, plaintiff asserted claims against the plan's subrogation vendor, which had sent a copy of Quintana's medical bills to a third party. As the *Quintana* court noted, the plan's terms required the plan's administrators to comply with certain privacy provisions. *Id.* at 971 n.9. However, "the 'Subrogation' section [was] silent regarding privacy," *id.*, and defendants in *Quintana* did not argue that the privacy provisions governing the plan's administrators should also be applied to defendants. In the instant case, on the other hand, Plaintiffs have brought suit against the administrators of their plans. These administrators were obligated to comply with state privacy laws, and these obligations are memorialized in materials that summarize the plan's coverage and benefits.

Plaintiffs' reliance on two other cases, *Community Hospital of the Monterey Peninsula v. Aetna Life Insurance*, 2015 WL 138197 (N.D. Cal. Jan. 9, 2015), and *Arizona State Carpenters Pension Trust Fund v. Citibank (Arizona)*, 125 F.3d 715 (9th Cir. 1997), is likewise inapposite. *Community Hospital* involved a hospital bringing suit against an ERISA plan administrator. In deciding not to apply ERISA complete preemption to the hospital's claims, the district court stated

8

that the hospital was not a plan "participant or beneficiary," as expressly required under § 502(a).

*See* 29 U.S.C. § 1132(a); *see also Cmty. Hosp. of the Monterey Peninsula*, 2015 WL 138197, *2

(discussing "participant or beneficiary" requirement).  *Arizona State Carpenters* does not even

discuss § 502(a) at all, focusing instead on different ERISA provisions that are inapplicable to the

instant case.

Accordingly, the Court finds that Plaintiffs' breach of contract and unjust enrichment

claims are completely preempted by ERISA § 502(a), that the Court has subject matter jurisdiction

over this action under 28 U.S.C. § 1331, and that removal was therefore proper under 28 U.S.C.

§ 1441(a).

**IV.    CONCLUSION**

For the foregoing reasons, the Court DENIES Plaintiffs' motion to remand the case to the

New York Supreme Court of Kings County.

**IT IS SO ORDERED.**


Dated: November 24, 2015

_____
LUCY H. KOH
United States District Judge

Case Nos. 15-MD-02617-LHK; 15-CV-04739-LHK
ORDER DENYING MOTION TO REMAND