United States District Court
Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| IN RE ANTHEM, INC. DATA BREACH LITIGATION | Case No. 15-MD-02617-LHK<br><br>**ORDER DENYING MOTION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION** |
| Y MICHAEL SMILOW and JESSICA KATZ,<br><br>          Plaintiffs,<br><br>     v.<br><br>ANTHEM LIFE & DISABIILITY INSURANCE COMPANY, *et al.*,<br><br>          Defendants. | Case No. 15-CV-04739-LHK |

Plaintiffs Y. Michael Smilow and Jessica Katz (collectively, "Plaintiffs") bring this

putative class action against Defendants Anthem Life & Disability Insurance Company; Empire

Healthchoice Assurance, Inc.; and Empire Healthchoice HMO, Inc. (collectively, "Defendants").

Before the Court is Plaintiffs' motion for leave to file a motion for reconsideration of the Court's November 24, 2015 Order denying Plaintiffs' motion to remand.  ECF No. 426 ("Mot.").[1]  Having considered the submissions of the parties, the relevant law, and the record in this case, the Court DENIES Plaintiffs' motion for leave to file a motion for reconsideration.

## I.      BACKGROUND

### A.  Factual Background

Defendants are affiliates of Anthem, Inc. ("Anthem"), an Indiana corporation that is one of the largest health benefits companies in the United States.  Case No. 15-CV-04739-LHK, ECF No. 1 ("Notice of Removal") ¶ 6.  Through its affiliated health plans, Anthem delivers health benefit products and plans to tens of millions of individual members across the country.  *Id.*

On February 4, 2015, Anthem announced that cyberattackers had gained unauthorized access to its data systems on or about December 10, 2014.  *See* Case No. 15-CV-04739-LHK, ECF No. 1-1 ("Compl.") ¶ 2.  As a result of this breach, Plaintiffs allege that the personally identifiable information and personal health information ("PHI") of current and former Anthem members were compromised.  *Id.* ¶¶ 1–2.  The allegedly compromised information included members' names, addresses, birthdates, telephone numbers, and social security numbers, as well as other financial and medical information.  *Id.*  According to Plaintiffs, their PHI is protected by the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"), 42 U.S.C. § 1320d *et seq. Id.* ¶ 33.  Plaintiffs are citizens of New York who are Anthem health insurance customers and who claim that their PHI was compromised as a result of the Anthem data breach.  *Id.* ¶¶ 11–12.

### B.  Procedural History

On April 2, 2015, Plaintiffs filed the instant putative class action in the Supreme Court of Kings County, New York.  Notice of Removal ¶ 1.  In Plaintiffs' complaint, Plaintiffs assert the following causes of action under New York law: (1) negligence, (2) negligence *per se*, (3) breach of implied contract, (4) breach of covenant of good faith and fair dealing, (5) unjust enrichment,

---

[1] Unless otherwise indicated, all ECF references are to the docket of Case No. 15-MD-02617-LHK in the Northern District of California.

United States District Court
Northern District of California

1   (6) invasion of privacy, (7) bailment, (8) conversion, (9) violation of New York's data breach

2   statute, (10) violation of New York's consumer protection statute.  Compl. ¶¶ 54–122.  Plaintiffs

3   bring these ten causes of action on behalf of themselves and a statewide class of similarly situated

4   individuals, defined as follows:

> [A]ll New York State citizens having or having had health insurance from Anthem and whose PII [personally identifiable information], PHI and/or personal financial information was compromised as a result of the data breach first disclosed by Anthem on February 4, 2015.

*Id.* ¶ 17.  On April 27, 2015, Defendants removed this action to the United States District Court

for the Eastern District of New York.  Defendants proffered two independent bases for federal

subject matter jurisdiction: (1) federal question jurisdiction under the Employee Retirement

Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 *et seq.*; and (3) federal question

jurisdiction under HIPAA, 42 U.S.C. § 1320d *et seq.  See* Notice of Removal ¶¶ 12–24.

On June 16, 2015, the parties submitted a fully briefed motion to remand.  Case No. 15-

CV-04739-LHK, ECF No. 9.  This filing contained Plaintiffs' motion to remand, Defendants'

opposition, and Plaintiffs' reply.  Case No. 15-CV-04739-LHK, ECF Nos. 9-1 ("MTR"); 9-3

("Opp'n"); 9-6 ("Reply").  On June 12, 2015, the Judicial Panel on Multidistrict Litigation

("JPML") issued a transfer order selecting the undersigned judge as the transferee court for

"coordinated or consolidated pretrial proceedings" in the multidistrict litigation ("MDL") arising

out of the Anthem data breach "that allegedly occurred sometime between December 10, 2014,

and February 4, 2015."  ECF No. 1 at 1-3.  Accordingly, on October 13, 2015, the JPML

transferred the instant putative class action from the Eastern District of New York to the

undersigned judge in the Northern District of California.  Case No. 15-CV-04739-LHK, ECF No.

18.

On November 13, 2015, Plaintiffs and Defendants filed supplemental briefing on

Plaintiffs' motion to remand.  *See* ECF Nos. 346 ("Defs. Supp. Br.") & 350 ("Pls. Supp. Br.").

The parties filed supplemental briefing because the parties' original briefs, which were filed in the

Eastern District of New York, a division of the Second Circuit, did not cite to or otherwise address

United States District Court
Northern District of California

relevant Ninth Circuit precedent, which this Court must apply.  *See Newton v. Thomason*, 22 F.3d 1455, 1460 (9th Cir. 1994) (holding that "when reviewing federal claims, a transferee court in this circuit is bound only by our circuit's precedent")

On November 24, 2015, the Court denied Plaintiffs' motion to remand.  ECF No. 417.  The Court found Plaintiffs' claims subject to ERISA complete preemption.  As the Court observed, a state law cause of action is completely preempted by ERISA and therefore removable to federal court "if (1) 'an individual, at some point in time, could have brought [the] claim under ERISA § 502(a)(1)(B),' and (2) 'where there is no other independent legal duty that is implicated by a defendant's actions."  *Id.* at 5–6 (quoting *Aetna Health Inc. v. Davila*, 542 U.S. 200, 210 (2004)); *see also Marin Gen. Hosp. v. Modesto & Empire Traction Co.*, 581 F.3d 941, 945 (9th Cir. 2009) (applying *Davila*).  The Court determined that Plaintiffs could have brought their claims under ERISA because Plaintiffs were enrolled as participants or beneficiaries in an ERISA plan and because no other independent legal duty had been implicated by Defendants' actions.  ECF No. 417 at 6–8.  Plaintiffs filed the instant motion for leave to file a motion for reconsideration on December 22, 2015.

## II.   LEGAL STANDARD

Pursuant to Civil Local Rule 7–9(a), "[b]efore the entry of a judgment adjudicating all of the claims and the rights and liabilities of all the parties in a case, any party may make a motion before a Judge requesting that the Judge grant the party leave to file a motion for reconsideration of any interlocutory order made by that Judge on any ground set forth in Civil L.R. 7–9(b).  No party may notice a motion for reconsideration without first obtaining leave of Court to file the motion."  Civil Local Rule 7-9(b) provides three grounds for reconsideration of an interlocutory order:

> (1)   That at the time of the motion for leave, a material difference in fact or law exists from that which was presented to the Court before entry of the interlocutory order for which reconsideration is sought. The party also must show that in the exercise of reasonable diligence the party applying for reconsideration did not know such fact or law at the time of the interlocutory order; or

United States District Court
Northern District of California

(2)     The emergence of new material facts or a change of law occurring after the time of such order; or

(3)     A manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before such interlocutory order.

Civil Local Rule 7-9(c) further requires that "[n]o motion for leave to file a motion for reconsideration may repeat any oral or written argument made by the applying party in support of or in opposition to the interlocutory order which the party now seeks to have reconsidered."  In general, motions for reconsideration should not be frequently made or freely granted.  *See generally Twentieth Century-Fox Film Corp. v. Dunnahoo,* 637 F.2d 1338, 1341 (9th Cir. 1981).

## III.    DISCUSSION

Plaintiffs contend that the Court did not consider "dispositive legal arguments and/or material facts asserted by Plaintiffs in their Motion to Remand," in violation of Civil Local Rule 7-9(b)(3).  Mot. at 1.  Specifically, Plaintiffs argue that the "Court's decision denying remand [was] grounded on the mistaken predicate that Plaintiffs have not challenged the documentation submitted by Defendants showing that [Plaintiffs] received health benefits during the relevant time period as dependent beneficiaries of employer sponsored ERISA plans."  Mot. at 2 (internal quotation marks omitted).  "Based on this mistaken finding, the Court [mistakenly] concluded that Plaintiffs could have brought their claims under ERISA § 502(a), 29 U.S.C. § 1132(a), pursuant to the first prong of [*Davila*]."  *Id.*

Plaintiffs' contentions are not well taken.  First, Plaintiffs have conceded that Plaintiffs received benefits under an ERISA plan during the relevant time period and that Plaintiffs had standing to bring their claims under ERISA § 502(a).  In Plaintiffs' original reply brief, for instance, Plaintiffs stated: "Plaintiffs received health benefits from a plan existing under the Employee Retirement Income Security Act, 29 U.S.C. § 1001, et seq. ('ERISA')."  Reply at 2.  Further, in a separate section in Plaintiffs' reply brief, Plaintiffs recited *Davila*'s two-prong test, and proceeded to state that "[u]nder the first prong [of *Davila*,] . . . the plaintiff must have standing to bring a claim under § 502(a) (*which is not disputed here*)."  *Id.* at 3 (emphasis added).  Plaintiffs

Case Nos. 15-MD-02617-LHK; 15-CV-04739-LHK
ORDER DENYING MOTION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION

1    did not repudiate or retract either of these statements in Plaintiffs' supplemental briefing.

2         Second, although Plaintiffs did challenge the accuracy of some of the documents submitted

3    by Defendants, which included a Certificate of Coverage, Plaintiffs' challenges do not clear the

4    bar necessary for leave to file a motion for reconsideration.  The documents at issue accompanied

5    an affidavit submitted by Joseph Crimmins, a Regional Vice President for Defendant Empire Blue

6    Cross Blue Shield.  In Crimmins' affidavit, Crimmins confirmed, after reviewing Empire Blue

7    Cross Blue Shield's records, that Plaintiffs were beneficiaries of an ERISA plan.  ECF No. 9-4.  In

8    the instant motion, Plaintiffs challenge only whether the accompanying documentation is "true and

9    accurate."  Mot. at 3.  At no point, however, have Plaintiffs challenged the fact that Plaintiffs'

10   were in fact enrolled in an ERISA plan.

11        Moreover, even with respect to the issue of documentation, the Court observes that the

12   instant action has received the benefit of two rounds of briefing: an initial round of briefing that

13   addressed relevant Second Circuit law and a supplemental round of briefing that addressed

14   relevant Ninth Circuit law.  In neither round of briefing did Plaintiffs submit a more "accurate"

15   version of the disputed documents at issue, despite multiple opportunities to do so.  Even now,

16   Plaintiffs have yet to submit a more "accurate" version of the documents in dispute.

17        To summarize, the accuracy of the disputed documents goes only towards Defendants'

18   "burden to show that Plaintiffs were covered by an ERISA plan during the relevant time period."

19   Mot. at 3.  However, as the Court has pointed out, Plaintiffs have already conceded that Plaintiffs

20   "received health benefits from [an ERISA] plan" during the relevant time period.  Reply at 2; *see*

21   *also* Reply at 3.  Moreover, Plaintiffs have neither provided a more "accurate" copy of the

22   documents in dispute nor have Plaintiffs contested the fact that Plaintiffs were in fact enrolled in

23   an ERISA plan.

24        In light of these circumstances, the Court finds that Defendants have sufficiently

25   demonstrated that Plaintiffs were covered under an ERISA plan during the relevant time period.

26   Accordingly, Plaintiffs have not shown "[a] manifest failure by the Court to consider material

27   facts or dispositive legal arguments which were presented to the Court," as required to file a

28

6

1    motion for reconsideration under Civil Local Rule 9-3(b)(3).

2    **IV.     CONCLUSION**

3           For the foregoing reasons, the Court DENIES Plaintiffs' motion for leave to file a motion

4    for reconsideration of the Court's November 24, 2015 Order denying Plaintiffs' motion to remand.

5    **IT IS SO ORDERED.**

6    Dated: January 27, 2016

7
                                              _____
8                                             LUCY H. KOH
                                              United States District Judge

Case Nos. 15-MD-02617-LHK; 15-CV-04739-LHK
ORDER DENYING MOTION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION